UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                 Case No. 93-80772

                                 Hon. John Corbett O'Meara

LESLIE DILLARD,

    Defendant.

_____/

## **ORDER DENYING MOTION TO EXPUNGE CONVICTION**

Before the court is Defendant Leslie Dillard's motion to expunge conviction, filed April 5, 2007. The government submitted a response on July 17, 2007. The court will decide this matter on the briefs and without oral argument.

Dillard plead guilty to one count of bank fraud and was sentenced to two years of probation on December 15, 1997. Dillard asserts that he successfully completed his probation and satisfied his restitution obligation. Dillard seeks to have the record of his conviction expunged because his criminal record has made it extremely difficult for him to find employment. The government opposes this request.

The Sixth Circuit has held that "it is within the inherent equitable powers of a federal court to order the expungement of criminal records in an appropriate case." United States v. Doe, 556 F.2d 391, 393 (6th Cir. 1977).

> Nevertheless, this court has not yet posited a standard for determining which cases are "appropriate." Other circuits recognizing an equitable power to expunge have generally held that the decision to exercise such power hinges on a balancing of

> "the government's need to maintain extensive records to aid in effective law enforcement against the harm to the individual of maintaining these records. . ." Acknowledging the strength of the government's interest in this context, however, these circuits have held that the expungement power is narrow and appropriately used only in extreme circumstances.

United States v. Robinson, 1996 WL 107129 *1 (6th Cir. Mar. 8, 1996) (citations omitted). See also United States v. Smith, 940 F.2d 395 (9th Cir. 1991). The Robinson court further noted that "federal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." Robinson at *2. "Conversely, courts have uniformly denied expunction requests regarding valid convictions." Id. The Robinson court affirmed the denial of an expungement request despite the defendant's argument that she had not been convicted of any other crimes and that her conviction had prevented her from obtaining employment. See also United States v. Wiley, 89 F. Supp. 2d 909 (S.D. Ohio 1999) (economic hardship did not justify expungement request); Schwab v. Gallas, 724 F. Supp. 509 (N.D. Ohio 1989) (law-abiding life subsequent to felony did not justify expungement).

Although the court is sympathetic to Dillard's situation, the record does not reveal that this is an "extreme circumstance" in which the court's expungement power is appropriately exercised. Dillard does not assert that his conviction was invalid for any reason, but bases his request on his inability to obtain employment. As courts have routinely held, such circumstances are insufficient to justify the exercise of the court's "narrow" expungement power. See, e.g., id.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Dillard's motion to expunge conviction is **DENIED.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Dated: August 03, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 4, 2007, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager